UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>  v.<br><br>CARLOS ALEJANDRO MENDOZA-VILLANUEVA,<br><br>    Defendant. | No. 2:13-cr-00016-GEB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582 AND AMENDMENT 782 TO THE UNITED STATES SENCTENING GUIDELINES** |

        Defendant Carlos Alejandro Mendoza-Villanueva filed a motion in propria persona for reduction of his sentence under 18 U.S.C. § 3582 and Amendment 782 to the United States Sentencing Guidelines. ECF Nos. 87, 88, 89, and 91. The United States filed an opposition to the motion. Gov't Opp'n, ECF No. 93. The Federal Defender filed a brief supplementing the motion. Def. Br., ECF No. 95.

        Defendant seeks a "sentence . . . reduc[tion of his 90 month prison sentence] by three months to 87 months in light [of the Ninth Circuit's holding in] United States v. Davis, 825 F.3d 1014 (9th Cir. 2016)[(en banc)]." Def. Br. 1:19-20. Defendant entered into a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, in which the parties agreed to a 70 to 120 month imprisonment sentencing range and to jointly recommend that

Defendant be imprisoned for 90 months. Defendant argues:

> Davis is clear that if the District Court judge's decision to accept the plea and impose the recommended sentence was based on a Guideline range which has subsequently been reduced by a retroactive amendment, then the defendant is *eligible* for reduction. Because the Court is required to calculate the guidelines and use them as a starting point, and most plea agreements contain language about the Court calculating the guidelines and taking them into account, most Rule 11(c)(1)(C) sentences will be eligible for reduction. Only in a case where the Court is clearly NOT basing the 11(c)(1)(C) sentence upon the guidelines will a defendant be ineligible for a §3582 reduction.
>
> In this case, the plea agreement states:
>
> 'The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the Court will consider whether there is a basis for departure from the guidelines sentencing range . . . .'.
>
> Dkt. 34[ ]at p. 6.
>
> Under Mr. Mendoza-Villanueva's plea agreement the parties stipulated to a sentence of 90 months. In the Statement of Reasons, this Court explicitly adopted the presentence investigation report (PSR) without change. Mr. Mendoza-Villanueva's PSR found his total offense level to be 31 and his criminal history category I for a range[] of 108-135 months. The Court sentenced Mr. Mendoza-Villanueva in accordance with the Rule 11(c)(1)(C) plea agreement to 90 months.
>
> Under Davis, Mr. Mendoza-Villanueva is eligible for relief under section 3582(c)(2). This Court based its sentence on the now lowered Guidelines when it adopted the findings of the applicable range set forth in the PSR. There is nothing on the record in

2

>           this case to suggest that the Court did not
>           base its sentence on the Sentencing
>           Guidelines.
>
>           In 2014 the Sentencing Commission
>           unanimously passed retroactive Amendment 782.
>           Under the changes enacted by that amendment,
>           Mr. Mendoza-Villanueva's total offense level
>           now drops to a 29 and his new guideline range
>           is 87-108 months. He should now be sentenced
>           to the low end of the guideline range[]: 87
>           months.

Def. Br. 1:24-2:24 (emphasis in original).

The United States argues in opposition to the requested reduction:

>           [Defendant's sentence-specific plea]
>           agreement (1) did not require the Court to
>           determine the applicable sentencing range but
>           it did recognize that the district court was
>           required to do so by law; (2) it did not
>           provide for a base offense level or any other
>           sentencing guideline stipulations; and (3) it
>           did mention that the government would move
>           for a three-level departure for acceptance of
>           responsibility. Thus, the question under
>           Davis is whether defendant's sentence was not
>           'based on a sentencing range that has
>           subsequently been lowered by the Sentencing
>           Commission,' but rather on the agreed upon
>           range of 70 to 120 months in prison,
>           consistent with the specific sentence
>           articulated in the Rule 11(c)(1)(C) plea
>           agreement. This defendant's case does not fit
>           squarely within the vague guidance provided
>           by Davis, but the United States believes a
>           fair reading of the defendant's plea
>           agreement and this Court's sentence is
>           ambiguous about whether Davis precludes this
>           defendant's eligibility for a sentence
>           reduction. When this defendant's agreement
>           was drafted, the applicable Ninth Circuit law
>           of United States v. Austin, 676 F.3d 924 (9th
>           Cir. 2012), made clear that no later sentence
>           reduction would occur. The carefully-
>           negotiated plea agreement provided benefits
>           to both parties and finality should result
>           when the Court accepts a Rule 11(c)(1)(C)
>           agreement. Indeed, as part of his bargain,
>           the defendant received a sentence below his
>           then-applicable guideline range. For these
>           reasons, the Court should find that Rule

> 11(c)(1)(C), as interpreted by <u>Davis</u>, precludes defendant from receiving a sentence reduction under § 3582.

Gov't Opp'n 5:1-16.

<u>Davis</u> explains that when determining whether a defendant is eligible to seek § 3582(c)(2) relief, "[e]ven when a defendant enters into an 11(c)(1)(C) agreement," the inquiry is whether the sentence imposed was "likely . . . based on the Guidelines; and [if] it [wa]s, the defendant should be eligible to seek § 3582(c)(2) relief." 825 F.3d at 1026 (citing <u>Freeman v. United States</u>, 564 U.S. 522, 534 (2011) (plurality opinion)). Here, Defendant's sentence was likely based on his guidelines sentencing imprisonment range of 108 to 135 months, and the parties' recommended sentence of 90 months imprisonment was likely determined to be a sufficient sentence to satisfy the pertinent sentencing factors in § 3553(a). Therefore, Defendant's sentence was likely based on the since-amended advisory guidelines sentencing range, and Defendant is eligible for a reduction of his sentence.

The United States Supreme Court states in <u>Dillon v. United States</u>, 560 U.S. 817, 827 (2010), after a defendant is found eligible for a sentence reduction "§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors [when determining] whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." The United States argues the previously imposed 90 month sentence should not be reduced because it "reflects the serious nature of transporting and possessing more than 13 pounds of methamphetamine [, and Defendant previously] transported . . .

4

a large quantity of drugs." Gov't Opp'n 5:20-22. Defendant counters since the previous sentence "was 18 months below the low end of the sentencing guidelines . . . this Court would likely find that the low end of the guidelines is a sufficient sentence that is not greater than necessary to meet the goals of 18 U.S.C. 3553(a)." Def. Br. 2:27-3:2.

In light of the extent of the downward variance from the advisory guidelines sentencing range granted in Defendant's favor when he was previously sentenced, and the three months difference between that sentence and the bottom of the amended advisory guidelines sentencing range, it is likely that had the advisory guidelines sentencing range been lowered at the time Defendant was previously sentenced to what it is now, that based on consideration of the pertinent sentence factors in § 3553(a), Defendant would have received the sentence he now seeks.

Therefore, the motion is granted and Defendant's sentence is reduced to 87 months. The judgment shall be amended to reflect this reduction.

Dated: June 13, 2017

GARLAND E. BURRELL, JR.
Senior United States District Judge